Matter of Saxon v Executive Comm. of the N.Y. Democratic Comm. (2024 NY Slip Op 01690)

Matter of Saxon v Executive Comm. of the N.Y. Democratic Comm.

2024 NY Slip Op 01690

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Webber, J.P., Rodriguez, Higgitt, Michael, JJ. 

Index No. 160865/23 Appeal No. 1910 Case No. 2023-06416 

[*1]In the Matter of Nina Saxon et al., Appellants,
v
Executive Committee of the New York Democratic Committee et al., Respondents.

Law Office of Ali Najmi, New York (Ali Najmi of counsel), for appellants.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Darren R. Marks of counsel), for respondents.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about November 28, 2023, which denied and dismissed petitioners' petition for an order recognizing them as duly elected District Leaders of the Democratic Party County Committee Divisional Committee for the 68th Assembly District Part A, unanimously affirmed, without costs.
The court properly granted respondents' CPLR 3211(a)(5) motion to dismiss the petition filed on November 7, 2023, as untimely commenced under Election Law § 16-102(2) (see Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman, LLP, 188 AD3d 530, 531 [1st Dept 2020]; MTGLQ Invs., LP v Wozencraft, 172 AD3d 644, 644-645 [1st Dept 2019], lv dismissed 34 NY3d 1010 [2019]). The court correctly found that respondents met their initial burden of establishing, prima facie, that the grievance that respondents declined to seat petitioners as District Leaders accrued as of a September 12, 2023 meeting of the Executive Committee of the New York Democratic Committee. Even if the accrual date for a grievance concerning a petitioner's rejected seating as a committee member may, in exceptional circumstances, be subject to an equitable toll, despite that the Court of Appeals has "consistently mandated strict compliance with time limitations imposed by the Election Law, notwithstanding a candidate's unique or extenuating circumstances" (Matter of Seawright v Board of Elections in the City of N.Y., 35 NY3d 227, 233 [2020]), such exceptional circumstances are not presented on the record here. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024